**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**T-MOBILE SOUTH LLC,**
**a Delaware Limited Liability Company,**

    **Plaintiff,**

vs.                                           **Case No.: 3:06-cv-846-J-16TEM**

**CITY OF JACKSONVILLE, FLORIDA,**
**a Florida Municipal Corporation,**

    **Defendant.**
_____/

## **ORDER**

This comes before the Court for consideration of the City of Jacksonville's Motion to Strike (the "City"), which the City filed as part of its Amended Answer in Case Number 3:06-cv-770 (Dkt. 22).  Plaintiff, T-Mobile South LLC ("T-Mobile") filed a Memorandum in Opposition to the Motion to Strike (Dkt. 23).  Prior to the consolidation of this case with Case Number 3:06-cv-770,[1] T-Mobile filed a brief on the Award of Injunctive Relief Under the Federal Telecommunications Act of 1996 (Dkt. 20) (the "Brief").  The City filed a Response in Opposition to the Brief (Dkt. 21), to which T-Mobile filed a Memorandum in Opposition (Dkt. 22).

**Procedural Background**

On April 24, 2007, this case was consolidated with Case Number 3:06-cv-770. (Dkt. 26). This consolidated case resulted from the City's denial of T-Mobile's two applications

---

[1] See Dkt. 26 in Case Number 3:06-cv-770.

to construct a cell phone tower. In the first application, T-Mobile sought approval for a 150-foot tower near the southern intersection of I-295 and I-95 (the "First Application"). Following denial of that application, T-Mobile filed a second application to build a 130-foot tower at the same location (the "Second Application"), which the City also denied..

Following denial of the First Application, T-Mobile filed a two count complaint in Case Number 3:06-cv-770-J-16HTS. Count I seeks declaratory and injunctive relief and Count II seeks only injunctive relief for violations of the Telecommunications Act of 1996, 47 U.S.C. § 332 (the "Act"). Count II is pled in the alternative to Count I and contains the traditional elements of injunctive relief.

Following denial of the Second Application, T-Mobile filed a four count complaint in Case Number 3:06-cv-846-J-16TEM. Counts I and II are based on the City's denial of the 130-foot tower and request the same relief as Counts I and II in the First Application case. Counts III and IV allege that the City's denial of T-Mobile's applications to construct both the 150-foot and 130-foot towers had the effect of prohibiting the provision of personal wireless service in violation of the Act's Section 332(c)(7)(B)(iii). Following consolidation, Counts I-IV are before the Court for consideration of the denial of both the First (the 150-foot tower) and Second Application (the 130-foot tower).

**Issues Before the Court for Consideration**

Initially, the parties' filings raised two issues. First, under the Affirmative Defenses section of its Amended Answer, the City asked the Court to strike T-Mobile's request for injunctive relief because in Counts I and II T-Mobile neglected to plead the likelihood of

substantial and immediate irreparable injury and the inadequacy of remedies at law.[2] The City later acknowledged that it was unnecessary to plead and prove the traditional elements of injunctive relief. Based on this acknowledgment, the City's Motion to Strike, as raised in its Amended Answer (Dkt. 22), is **DENIED** and **Count II** of the consolidated case, pleading in the alternative the traditional elements of injunctive relief, is **DISMISSED as MOOT**. In addition, the City's First Affirmative Defense is also **STRICKEN**. It is clear that the First Affirmative Defense will not defeat T-Mobile's claim as the City's assertion was made in error.

Second, the parties disagreed as to whether this case should be assigned Track One (expedited, no discovery) or Track Two (standard, discovery) status. The City informed the Court that when examining whether a local zoning decision "prohibits the provision of wireless service," the Court is limited solely to review of the administrative record generated by the local body. T-Mobile disagreed with the City's assertion and claims that "in considering a[n] anti-prohibition claim, the district court may require evidence to be presented outside of the administrative record compiled by the local authority." (Dkt. 22 at p. 3).

In an effort to aid the Court's management of the consolidated case, T-Mobile further informed the Court that if this case is resolved on summary judgment on Count I, it may be unnecessary to reach the merits of Counts III and IV. Accordingly, T-Mobile suggested a

---

[2] The Court previously denied (Dkt. 21) a Motion to Strike Amended Complaint (Dkt. 18) filed by the City in Case Number 3:06-cv-770 on different grounds.

two-tiered resolution of the case. The City did not file any objections to the two-tiered approach.

T-Mobile suggested that the parties submit motions for summary judgment on consolidated Count I and abate Counts III and IV pending resolution of the Count I summary judgment motions. T-Mobile further suggested that in the event that the Court is unable to fully resolve this case on the parties' motions for summary judgment, the Court could then address the issues raised in Counts III and IV and issue a separate case management schedule at that time.

In the interest of judicial economy, the Courts finds that it is prudent to adopt the two-tiered approach as suggested by T-Mobile. Accordingly, at this point, this case is assigned Track One status. The parties may file cross motions for summary judgment directed to the consolidated Count I no later than September 10, 2007 with responses in opposition to be filed ten (10) days after the filing of the parties' cross motions for summary judgment.

**BY ORDER OF THE COURT**, at Jacksonville, Florida, this 27th day of July 2007.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record